SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TRACEY KENNEDY, Cal. Bar No. 150782
tkennedy@sheppardmullin.com
BABAK YOUSEFZADEH, Cal. Bar No. 235974
byousefzadeh@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant UNITED STATES GYPSUM COMPANY

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**08/04/2021** at 02:22:00 PM
Clerk of the Superior Court
By Melinda McClure, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MIGUEL GUERRERO, Individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES GYPSUM COMPANY, a Delaware Corporation; and DOES 1-20, inclusive<br><br>Defendants. | Case No. 37-2021-00019113-CU-OE-CTL<br>Assigned to Hon. Ronald Frazier<br>Dept. C-65<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT**<br><br>*IMAGED FILE*<br><br>Complaint Filed: April 29, 2021<br>FAC Filed: July 29, 2021 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: Defendant United States Gypsum Company ("Defendant") answers the unverified First Amended Complaint ("FAC") of Plaintiff Miguel Guerrero ("Plaintiff") as follows:

Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant denies generally and specifically, conjunctively and disjunctively, each and every allegation contained in Plaintiff's unverified FAC. Defendant also answers the FAC, and each and every purported cause of action, by denying that Plaintiff has sustained, or will sustain any damages in any sum, by reason of any fault, act, or omission on the part of

1 Defendant, and further denies that the putative class or putative aggrieved employees have sustained, or will sustain any damages in any sum, by reason of any fault, act, or omission on the part of Defendant.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. Neither the FAC, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action upon which relief can be granted against Defendant.

SECOND AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

2. The FAC, and each purported cause of action alleged therein is barred in whole or in part, because Plaintiff failed to exhaust administrative remedies before filing suit.

THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitations)

3. The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations.

FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5. Defendant is informed and believes and on that basis asserts that Plaintiff is estopped by his conduct from asserting the causes of action upon which he seeks relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6. Plaintiff has or had unclean hands with respect to the matters alleged in the FAC and is therefore barred from recovering any relief on the FAC or any purported cause of action alleged therein.

## SEVENTH AFFIRMATIVE DEFENSE
### (Consent)

7. The FAC, and each purported cause of action alleged therein, is barred, in whole or in part, because Plaintiff consented to the conduct about which he now complains.

## EIGHTH AFFIRMATIVE DEFENSE
### (Misrepresentations)

8. Defendant is informed and believes, and on that basis alleges, that Plaintiff's causes of action are barred, in whole or in part, by misrepresentations made by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction Doctrine)

9. The FAC, and each purported cause of action therein, should be abated in the Court's discretion, and Plaintiff should be forced to pursue his administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over his claims.

## TENTH AFFIRMATIVE DEFENSE
### (Authorization of Law)

10. The FAC, and each purported cause of action alleged therein, is barred in whole or in part because any acts and omissions of Defendant were at all times legal and authorized by law.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

11. Defendant is informed and believes, and upon that basis alleges, that any alleged failure to pay wages upon termination was based on a good faith dispute regarding the applicable law or facts.

## TWELFTH AFFIRMATIVE DEFENSE

### (Full Payment of Wages)

12. Defendant is informed and believes, and upon that basis alleges, that Plaintiff, and the alleged individuals on whose behalf Plaintiff seeks relief, were fully paid all wages earned and owed at all times throughout his respective employments.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Meal Periods Provided and Rest Breaks Authorized and Permitted)

13. Defendant is informed and believes, and upon that basis alleges, that Plaintiff, and the alleged individuals on whose behalf Plaintiff seeks relief, were provided with all applicable meal periods and rest breaks.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Paystubs Properly Provided)

14. Defendant is informed and believes, and upon that basis alleges, that it at all times provided accurate itemized wage statements to Plaintiff, and the putative class and the alleged aggrieved individuals on whose behalf Plaintiff seeks relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Expenses Fully Reimbursed)

15. Defendant is informed and believes, and upon that basis alleges, that it at all times fully reimbursed all reasonably necessary business expenses of Plaintiff and the putative class and the alleged aggrieved individuals on whose behalf Plaintiff seeks relief.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (PAGA - Unconstitutional)

16. The FAC, and each purported cause of action alleged therein, is barred in whole or in part because PAGA is unconstitutionally vague and overbroad as applied to the facts and circumstances of this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (PAGA – Unauthorized Delegation of Power)

17. PAGA, which authorizes former employees to file private actions against a former employer and recover excessive civil penalties, three-quarters of which are paid to an executive agency of the State of California, constitutes an unlawful delegation of power in violation of the California Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (PAGA – Violation of Due Process)

18. The fines imposed by PAGA are excessive and violate the substantive due process guaranteed by Article I, section 7 and Amendment 8 of the California Constitution and the Fourteenth Amendment of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE
### (PAGA – Failure to Identify)

19. Plaintiff has failed to identify any other allegedly "aggrieved employee," as provided in Labor Code § 2698 et seq., and such claims are thus barred or limited by law.

## TWENTIETH AFFIRMATIVE DEFENSE
### (PAGA – Unjust Enrichment)

20. Plaintiff, and the alleged aggrieved individuals on whose behalf Plaintiff seeks relief, are not entitled to recovery of penalties under PAGA to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

21. Plaintiff lacks standing to assert the claims alleged in the FAC.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Non-Certifiable Class)

22. The FAC, and each purported cause of action alleged therein, does not state facts sufficient to certify a class. Therefore, this action is not properly brought as a class or collective action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Inadequacy of Class Representative)

23. Plaintiff is not a proper representatives of the class he purports to represent and there are conflicts between the class and him. Accordingly, this action is not properly brought as a class action.

### TWENTY FOURTH AFFIRMATIVE DEFENSE
### (Inadequacy of Class Counsel)

24. Defendant is informed and believes and on that basis alleges that there are conflicts between counsel for Plaintiff and some members of the class and that class counsel is not adequate. Accordingly, this action is not properly brought as a class action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Ascertainability)

25. Plaintiff cannot maintain a representative or class action because class members may not be readily identified without unreasonable time or expense.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Failure to Comply With Directions)

26. The claims alleged in the FAC fail because Plaintiff and putative class members were required to substantially comply with directions and policies concerning the work in which Plaintiff and putative class members were engaged and Plaintiff and putative class members failed to substantially comply with such directions and policies,

even though such compliance was possible, lawful, and not unreasonably burdensome, thereby violating Section 2856 of the California Labor Code.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (No Entitlement to Disgorgement)

27.　Plaintiff and the putative class members are not entitled to disgorgement of profits under California Business and Professions Code sections 17200 *et seq.*

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Civil Penalties Unconstitutional – Excessive Fines)

28.　Defendant is informed and believes, and based upon such information and belief alleges, that any award of damages, penalties, restitution and/or disgorgement against Defendant would violate the Excessive Fines Clauses of the United States and California Constitutions.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.　That Plaintiff and the putative class take nothing by his FAC;
2.　That Defendant be awarded all of its costs and attorneys' fees incurred herein; and
3.　That the Court award such other and further relief as it deems just and proper.

1  Dated:  August 4, 2021

2                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4                                    By

5

6                                    _____
7                                         TRACEY A. KENNEDY
                                          BABAK YOUSEFZADEH
8                                         Attorneys for Defendant
                                          UNITED STATES GYPSUM COMPANY
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 4, 2021, I served true copies of the following document(s) described as **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dmccurdy@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 4, 2021, at Los Angeles, California.

*/s/ Donna J. McCurdy*
Donna J. McCurdy

# SERVICE LIST

| | |
|---|---|
| Sam Kim<br>Yoonis Han<br>Verum Law roup, APC<br>841 Apollo Street<br>Ste. 340<br>El Segundo, CA  90245<br><br>T:  424-320-2000<br>F:  424-221-5010<br>E:  skim@verumlg.com<br>     vhan@verumlg.com | Attorneys for Plaintiff,<br>MIGUEL GUERRERO |
| Anthony Choe<br>Law Offices of Anthony Choe<br>3700 Wilshire Blvd.<br>Ste. 260<br>Los Angeles, CA  90010<br>T:  213-788-4448<br>F:  213-788-4450<br>E:  anthony@choelawfirm.com | |