UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GUERRERO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES GYPSUM COMPANY, et al.,<br><br>Defendants. | Case No.: 21-cv-01502-GPC-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER; AND**<br><br>**(2) ISSUING AMENDED SCHEDULING ORDER**<br><br>**[ECF Nos. 13; 19]** |

Before the Court is the parties' Joint Motion to Amend Scheduling Order, wherein the parties seek to extend all remaining dates in the Scheduling Order by 90 days. (ECF No. 19.) The parties set forth that good cause exists for their requested extensions because they are actively pursuing settlement and have a private mediation date set for February 3, 2022. (*Id.* at 4.) Although the parties "have completed much of their discovery (and will complete more ahead of mediation)," they assert that they "need a little additional time to

pursue mediation without incurring unnecessary litigation costs and without prejudicing either [p]arty if settlement efforts fail." (*Id.* at 5–6.)

After reviewing the parties' joint motion and the supporting declaration, the Court finds that good cause exists for an extension of the remaining deadlines in the Scheduling Order, but not to the extent requested. Accordingly, the parties' joint motion (ECF No. 19) is **GRANTED IN PART**, and the Scheduling Order (ECF No. 13) is amended as follows:

1. All discovery that relates to class certification must be completed by all parties by **April 4, 2022**. The deadline by which all discovery be must be completed by all parties is on or before **September 6, 2022**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.

Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V.

Any motion for class certification motion must be filed by **June 6, 2022**. Counsel for Plaintiff must obtain a motion hearing date from the law clerk of the district judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

2. The parties shall designate their respective experts related to <u>class certification</u>

in writing by **May 9, 2022**.  The parties shall designate their respective experts related to the <u>merits</u> of the case in writing by **July 11, 2022**.

     3.     The parties shall exchange their respective rebuttal experts related to <u>class certification</u> by **May 23, 2022**.  The parties shall exchange their respective rebuttal experts related to the <u>merits</u> of the case by **August 8, 2022**.

     4.     Each party shall comply with the disclosure provisions in Rules 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure related to their <u>class certification</u> experts by **May 9, 2022**.  Each party shall comply with the disclosure provisions in Rules 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure related to their <u>merit</u> experts by **July 11, 2022**.

     5.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) related to their <u>class certification</u> experts by **May 23, 2022**.  Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) related to their <u>merit</u> experts by **August 8, 2022**.

     6.     All other pretrial motions, including those addressing Daubert issues related to dispositive motions must be filed by **October 3, 2022**.  Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, all motions for summary judgment shall be accompanied by a separate statement of undisputed material facts.  Any opposition to a summary judgment motion shall include a response to the separate statement of undisputed material facts.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Motion papers MUST be filed and served the same day of obtaining a motion hearing date from chambers. A briefing schedule will be issued once a motion has been filed.  The period of time between the date you request a motion date and the hearing date may vary.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.

     7.     A Mandatory Settlement Conference ("MSC") shall be conducted on **September 21, 2022** at **1:45 PM** in the chambers of **Magistrate Judge Jill L. Burkhardt**,

Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101.  No later than **September 14, 2022**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov.  The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC.  In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds**

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

1 **for sanctions.**

2   8.   No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

6   9.   Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

9   10.   Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **January 4, 2023**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

12   11.   Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **January 11, 2023**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

20   12.   Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **January 18, 2023**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

27   13.   The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and

lodged with the assigned district judge by **January 27, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **February 3, 2023** at **1:30 PM**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

15. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17. The dates and times set forth herein will not be modified except for good cause shown.

18. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

19. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

Dated:  December 16, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge